# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **KIMBERLY RENEE NELSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.1:17CV00050 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | By: James P. Jones |
| **ACTING COMMISSIONER** | ) | United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*David N. Darnell, Kingsport, Tennessee, for Plaintiff; Maija DiDomenico, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I affirm the final decision of the Acting Commissioner.

The plaintiff filed this action challenging the final decision of the Acting Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits under title II of the Social Security Act, 42 U.S.C. §§ 401–433 ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

The plaintiff protectively applied for benefits on September 26, 2013, alleging disability since March 26, 2013, and received a hearing before an administrative law judge ("ALJ") on May 12, 2016. By decision dated September 8, 2016, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is now ripe for decision.

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to past relevant work, but had the residual functional capacity to perform work, as defined in the regulations. Based upon the testimony of a vocational expert, the ALJ found that there existed a significant number of jobs in the national economy which the plaintiff could perform.

Determination of disability under the Act is controlled by a five-step sequential process under which an ALJ is to evaluate a claim. These steps include: (1) whether the claimant is working; (2) whether she has a severe impairment; (3) whether that impairment meets or equals a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the impairment prevents the performance of past relevant work; and (5) whether the impairment prevents the performance of any work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If the ALJ finds that the claimant has failed to meet any step of the process, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The burden of proof remains with the claimant through the fourth step; however, if she successfully reaches step five, then the burden shifts to the Commissioner to show that other jobs exist in the national economy that she can perform. *See id*. This burden may be met by relying on the testimony of a vocational expert. *See* 20 C.F.R. § 404.1566(e).

The ALJ found that the plaintiff had not engaged in substantial employment since her date of claimed disability of March 26, 2013, and that she had the severe impairments of fibromyalgia, restless leg syndrome, depressive disorder, and anxiety disorder. He also found that she did not have an impairment that met or equaled the severity of a listed impairment. However, the ALJ found that she had the residual functional capacity to perform sedentary work, with certain limitations.

While he determined that she was unable to perform any of her past relevant work, he found that there were jobs existing in the national economy in significant numbers that she could have performed during her insured period. Accordingly, the ALJ found that the plaintiff was not disabled.

In this appeal of the Commissioner's denial of benefits, the plaintiff makes essentially one argument, as follows: The ALJ erred in ignoring evidence from three medical providers that as a result of her impairments, she would miss work more than two days a month, and that instead the ALJ found that she may have up to one unscheduled work absence per month on average as a result of her medical conditions.[1]

I agree with the Commissioner that the ALJ's written decision adequately considered and weighed the evidence leading to his conclusions. While the plaintiff presented opinions from therapist Patricia Owens, primary care provider James Gardner, M.D., and one-time consultative psychologist John Ludgate, Ph.D., that the plaintiff was disabled from working, the ALJ was not required to accept those opinions. He instead credited other relevant evidence, including the plaintiff's history of medical treatment, which was generally routine and conservative, her activities of daily life, including caring for her new-born baby as

---

[1] The plaintiff initially asserted different grounds of error, but changed her arguments by withdrawing her first brief and simultaneously filing a substitute brief. Notice, ECF No. 18. While she did not seek leave of court to do so, I will nunc pro tunc allow it, and consider only the substituted brief and its contentions.

4

well as other family members, her normal physical examinations, and the opinions of the state agency physicians and psychologists who had reviewed her medical records. The ALJ also expressed detailed reasons for giving lesser weight to the opinions of the providers relied upon by the plaintiff. In particular, the ALJ noted that "[t]here is no evidence that [the plaintiff] consistently had uncontrolled symptoms more than two days a month that would cause her to miss work." R. at 28, ECF No. 12-1.

"Circuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by the clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig,* 76 F.3d at 590.

The court's job is not to determine de novo whether the plaintiff was in fact disabled under the Act; that job is left to the agency's fact finder. I hold that there was substantial evidence to support the ALJ's determination and in such a case, I must affirm the denial of benefits.

For the foregoing reasons, the Commissioner's Motion for Summary Judgment is GRANTED and the plaintiff's Motion for Judgment on the Pleadings is DENIED.

It is so **ORDERED**.

ENTER: March 29, 2019
/s/ JAMES P. JONES
United States District Judge